(12 Misc. Rep. 440.)

SOCIALISTIC CO-OPERATIVE PUB. ASS'N v. HOFFMANN et al.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

1. PRINCIPAL AND SURETY—WHEN SURETY IS LIABLE.
    Where an employé retained and appropriated funds collected for his employer, such breach of duty was not by the facts that the sums were charged to the employé's account on the books of the employer, and that he accepted part payment of the account so created, changed into a simple debt, so as to exempt from liability a surety on the employé's bond for the faithful discharge of his duties. Pryor, J., dissenting.

2. SAME—RELEASE OF SURETY.
    The fact that an employer, having discovered in April an employé's breach of duty in appropriating funds collected, retained him until September, did not release a surety on the employé's bond from liability for collections appropriated by such employé prior to April, but not reported to the employer until later.

3. SAME—CHANGE OF CONDITIONS.
    The change of an employé's compensation from commissions to a salary, no change being made in the duties required of him, does not affect the liability of a surety on his bond for the faithful performance of such duties.

4. SAME—ACTION—BURDEN OF PROOF.
    In an action by an employer against a surety on the bond of an employé to recover for collections appropriated by such employé, the defense that the alleged breach of duty had, by the acts of the employer, been changed into a simple debt, was an affirmative defense, and the burden was on the defendant to establish it by evidence.

Appeal from trial term.

Action by the Socialistic Co-operative Publishing Association against Morritz Hoffmann and Ludwig Sutro. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

The action is upon a bond executed by the defendant Hoffmann, as principal, and by the defendant Sutro, as surety, to the plaintiff, dated April 10, 1885, and conditioned that Hoffmann shall honestly and in good faith discharge his duties as manager or clerk while in the employ of the plaintiff, and shall faithfully account for all moneys and property of the plaintiff that may come into his possession in the line of his said employment. The claim is that Hoffmann has failed to account for and pay over to the plaintiff $422.30, which he received for the plaintiff in the course of his employment. Both defendants answer, Hoffmann denying the allegations of the complaint that he failed to discharge his duties as manager and clerk, and that he failed to account for and pay over moneys, and counterclaims $897 for work done outside of his agreed services, and for the sale of a list of advertisers which he procured for plaintiff; and the defendant Sutro, making the same denials, sets up that the plaintiff's claim in this action was for an indebtedness of Hoffmann to the company, and not for breach of his duty, the faithful performance of which was secured by the bond.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Theodore Sutro, for appellants.
Simon Sultan, for respondent.

DALY, C. J.   At the time of the execution of the bond in suit, Hoffmann was employed as manager and clerk of plaintiff, which was engaged in publishing a newspaper.   Outside of his position and duties,. he was allowed to solicit advertisements for the paper, and to draw a commission of 25 per cent. thereon.   Goods were accepted from the advertisers by the company in part payments for advertisements.   Hoffmann got goods from the advertisers for himself, and they were charged to him on the books of the company, by his direction given to the cashier.   In September, 1890, the books showed an indebtedness from him to the company for overdrafts on the commission account, and thereupon the company arranged with him to discontinue commissions and to increase his salary.   His overdrafts were to be repaid by a weekly deduction of five dollars from his salary.   He was still allowed and expected to procure advertisements for the paper.   If any part of the demand in this action were for the indebtedness above specified, it could not be recovered against the surety, because it was contracted outside of the principal's duties as manager or clerk, and was, besides, merely a debt; he having been permitted to order goods and to charge himself with them on the books.   After September, 1890, however, this arrangement was changed.   Hoffmann, in ordering goods from advertisers, was collecting for the company as manager or clerk, and .the failure to account and deliver the property so ordered and received by him would constitute a breach of duty for which the surety would be liable.   It appears that he continued after September, 1890, to order goods from advertisers, and to retain them for his own use.   He reported the amount from time to time to the cashier, who charged him therewith on the books.   The goods so received were the property of the company; and, although Hoffmann reported the amounts to the cashier, there is no proof that the latter, in making charges thereof upon the books, had any authority from the company to change the character of the defendant's act from a breach of duty into a contract of indebtedness. The cashier acted under Hoffmann's instructions, and not under the directions of the company, in this matter.   The surety would therefore be liable for the value of any goods so received by Hoffmann, unless it could be shown that the company in any way approved of such charges.   In April, 1892, the treasurer of the company found Hoffmann charged upon the books with a balance of $515.63 for such collections.   That amount was admitted by Hoffmann to be correct, and he afterwards paid on account of it $400. Credits for certain discounts were allowed him, amounting to $21.02, which left a balance of $94.61.   Subsequent charges on the books for goods similarly ordered brought the total charges against him on that account to $442.30, for which this action is brought against the surety.

The sum of $515.63, found due in April, 1892, was recoverable from the surety as collections not accounted for by due payment. It was not sufficient that the principal should report the amounts he had collected.   It was a breach of the condition of the bond

if he did not pay, and therefore that amount was due for goods received and not accounted for. The subsequent receipt by the company from him of $400 in cash did not convert the claim into a simple debt. Nor did the charge upon the books have that effect; the company being entitled to make entries on its books of the amounts reported by Hoffmann. To convert his breach of duty into a mere indebtedness required some act of the company. But there is no proof of any such act. The statement of account between the parties did not have that effect; it was a mere admission of the amount. The question was submitted to the jury whether the company treated this account as a debt, and whether they extended the time of payment; and the jury found upon both issues in favor of the company. A mere failure to enforce the liability did not discharge the surety, no agreement for time having been made with the principal.

Nor was the surety discharged by the plaintiff continuing Hoffmann in its service after the discovery of his breach of duty in April, 1892. He left in September following, but the burden of the surety was not increased during that period so far as the evidence in the case shows. The additional charges amounting to $442.30 were entered upon the books just previous to his leaving his employment, and they were for goods ordered by him long before, some prior to April; for Hoffmann did not report to the cashier at the actual date of his receipt of goods, only when bills were received from the advertisers. In retaining Hoffmann, therefore, it does not appear that the company did any act which injured the sureties or made them liable for more than they would be if he had been discharged in April. In fact, he reduced the amount recoverable during the period that he was retained.

The terms of Hoffmann's employment were not changed by the increase of his salary and the discontinuance of commissions in September, 1890. No duties or responsibilities were then imposed upon him which hindered or impeded the proper and just performance of the duties guarantied. Mayor, etc., v. Kelly, 98 N. Y. 467; Supervisor v. Clark, 92 N. Y. 391. There was evidence of the company undertaking the publication of an additional newspaper, but this was an increase of work, and not a change of duty. Both these points, however, are mooted for the first time upon appeal; the defendant not asking for the submission to the jury of any question of fact arising thereon.

There is also a claim that a part of the recovery ($25) was not for goods collected by Hoffmann; but this point was not made upon the trial, or it might then have been contested by plaintiff or allowed by the jury.

The instruction to the jury that the burden was on plaintiff to establish the breach of the condition of the bond, and on defendants to avoid the effect of such breach by showing that it was treated as a debt or converted into a debt, was not error. It was an affirmative defense that the charge against Hoffmann for not accounting for goods received had been changed to an indebtedness (Wallace v.

Blake, 8 N. Y. Supp. 862; Abb. Tr. Brief Pl. 665, 666); and the burden was on defendants to prove an affirmative defense.

None of the other exceptions present error. The judgment and order are affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J. I dissent, on the ground that plaintiff's claim is for the personal debt of Hoffmann, and not for breach of official duty.